# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM PETER NEW,<br><br>                     Plaintiff,<br>vs.<br><br>DOMINGO URIBE, JR., Warden, et al.,<br><br>                     Defendants. | CASE NO. 09CV2609 JLS (LSP)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND (3) GRANTING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 1, 13) |

     Presently before the Court is Magistrate Judge Louisa S. Porter's report and recommendation ("R&R") advising the Court to deny William Peter New's ("Petitioner") petition for writ of habeas corpus. (R&R, ECF No. 13) Also before the Court are Petitioner's objections to the R&R. (Obj., ECF No. 14) For the reasons stated below, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DENIES** Petitioner's petition.

## BACKGROUND

     Magistrate Judge Porter's R&R contains a thorough and accurate recitation of the facts underlying Petitioner's state court trial and conviction. (R&R 2–10, ECF No. 13) This Order incorporates by reference the facts as set forth in the R&R.

     Having exhausted his administrative and state remedies, Petitioner filed the instant petition for a writ of habeas corpus alleging violations of his due process rights. (Pet., ECF No. 1) Petitioner states two claims: (1) he was denied due process when "forced to defend an allegation that he had murdered his first wife 32 years earlier," and (2) he was denied due process when "the trial court refused to sever the 32-year-old case from the 2004 allegation of murder." (*Id.* at 5)


On March 15, 2010, Respondents answered the petition, urging the Court to dismiss the petition and deny a certificate of appealability. (Answer, ECF No. 8) Petitioner filed a traverse to Respondents' answer on May 4, 2010. (Traverse, ECF No. 11) On December 21, 2010, Magistrate Judge Porter issued an R&R advising the Court to deny the petition. (R&R, ECF No. 13) Petitioner objected to the R&R on January 24, 2011. (Obj., ECF No. 14)

**LEGAL STANDARD**

**1. Review of the Report and Recommendation**

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's R&R. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz,* 447 U.S. 667, 673–76 (1980). However, in the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**2. Cognizable Claim for Relief**

Under federal law, a prisoner seeking relief on claims related to imprisonment may file a petition for habeas corpus pursuant to 28 U.S.C. § 2254. A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal intervention in state court proceedings is only justified when there are errors of federal law. *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Federal habeas courts are bound by a state's interpretation of its own laws. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 322–23 (1997). AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring "that state-

court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal court can grant habeas relief only when the result of a claim adjudicated on the merits by a state court "was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to" clearly established federal law if it (1) applies a rule that contradicts governing Supreme Court authority, or (2) "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but reaches a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (internal quotation marks omitted) (citation omitted). An "unreasonable" application of precedent "must have been more than incorrect or erroneous"; it "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

## ANALYSIS

**1. Pre-Indictment Delay**

Petitioner claims the state court deprived him his federal constitutional right to due process of law by forcing him to defend an allegation that he had murdered his first wife, Somsri New, thirty-two years earlier. (Pet. 5, ECF No. 1) Petitioner contends that, as a result of the delay, "crucial evidence [was] lost, memories had faded, and central witnesses had died." (*Id.*)[1]

---

[1] The R&R summarized the evidence Petitioner alleges was lost or not available at the time of his trial:
> (1) L.B. Reyes, the coroner who viewed the scene of the shooting is deceased; (2) Dr. Root, who performed the autopsy on Somsri's body is deceased; (3) the police are unaware whether there were any photographs or audiotapes of Somsri's autopsy; (4) the rifle involved in the shooting could not be located; (5) a number of police reports had been purged; (6) a tape recording of New's 1973 interview was missing; (7) the identity of the woman with whom New was speaking when police arrived at the scene remains unknown; (8) the names of the paramedics who responded to the scene of the 1973 shooting remain unknown; (9) a detective did not know neighbors' identities, or whether they had been interviewed, did not know whether friends of the News had been identified or interviewed, and was unable to locate Somsri's prior place of employment; (10) the store where New purchased the rifle no longer exists; (11) furniture and physical evidence from the living room could not be found; (12) no canvassing of the area was undertaken to ascertain whether there were other witnesses.

(R&R 21–22, ECF No. 13)

//

### A. Summary of the R&R's Conclusions

Magistrate Judge Porter concluded that while Petitioner demonstrated prejudice, (R&R 27, ECF No. 13), "the length of the delay, balanced against the reasons for the delay, did not violate 'the community's sense of fair play and decency' nor any 'fundamental conceptions of justice.'" (*Id.* at 28–29 (quoting *United States v. Lovasco*, 431 U.S. 783, 790 (1977))  The R&R found that the state court's determination that the investigation into Somsri New's death would not have been reopened but for the subsequent murder of Phyllis New was objectively reasonable, given that probable cause to arrest Petitioner for Somsri's murder did not arise until the substantially similar murder of Phyllis New. (*Id.* at 28)  Moreover, the lack of any evidence that authorities gained a tactical advantage in delaying indictment of Petitioner was relevant in weighing Petitioner's prejudice against the justification for the delay. (*Id.*)  Thus, the R&R concluded that "the adjudication of Petitioner's pre-accusation delay claim by the state court was neither contrary to, nor involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state courts," recommending that habeas relief as to this claim therefore be denied.

### B. Objections to the R&R's Conclusions

Petitioner insists that the R&R erred in adopting the state court's finding that "the exceptional delay in this case . . . is not deemed unconstitutionally prejudicial." (Obj. 4, ECF No. 14)  Additionally, Petitioner contends that the R&R erred in finding that "the State court was objectively reasonable in concluding that the justification for delay in charging Petitioner outweighed the prejudice to Petitioner." (*Id.* at 11–12)  He argues that this finding "confuses the reason the prosecution was ultimately initiated in 2004 with the justification for failing to investigate earlier." (*Id.* at 13)

### C. Analysis

Established federal law requires that Petitioner first prove actual, nonspeculative prejudice resulting from pre-indictment delay. *Lovasco*, 431 U.S. at 790.  If Petitioner demonstrates actual prejudice, the Court then balances the length of the delay against the government's reason for the

1 delay to ensure that having Petitioner stand trial after the delay would not violate "fundamental
2 conceptions of justice." *Id.* (citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). Courts are not
3 free to dismiss criminal prosecutions merely because they disagree with a prosecutor's judgment
4 as to the propriety of when to seek indictments. *Id.*

5 The Court accepts as true that Petitioner was able to demonstrate prejudice from the thirty-
6 two-year delay. (R&R 27, ECF No. 13); *see also Park v. Raley*, 506 U.S. 20, 35–36 (1992)
7 (holding that factual findings, including inferences properly drawn from those facts, are entitled to
8 a "presumption of correctness"). Petitioner's contention that the state court confused the "reason"
9 for delay with the "justification" for delay is misplaced, however. Authorities lacked probable
10 cause to arrest Petitioner for the murder of Somsri New until they obtained new evidence in 2004
11 linking Petitioner to the crime: the substantially similar murder of Phyllis New.[2] Delaying
12 indictment until prosecutors were satisfied that they should prosecute and would be able to
13 establish guilt is consistent with the standards of fair play and decency. *Lovasco*, 431 U.S. at 796.
14 To hold otherwise would risk deleterious effects such as increasing the likelihood of unwarranted
15 charges being filed and having Petitioner stand accused but untried. *Id.* at 791. Further, requiring
16 prompt indictment may risk Fourth Amendment violations if prosecutors act too hastily. *Id.* at
17 792.

18 The absence of gaining a tactical advantage from the pre-accusation delay is also relevant
19 in weighing the justification for the delay. *United States v. Marion*, 404 U.S. 307, 324 (1971)
20 (stating that dismissal of the indictment would be proper if it were shown that pre-indictment delay
21 was intended to gain a tactical advantage over the accused). Here, the delay did not result in any
22 tactical advantage, and Petitioner does not object to this finding.

23 Thus, although Petitioner was able to establish that he suffered prejudice as a result of the
24 thirty-two-year delay, the justification for the delay outweighed his showing of prejudice.

---

[2] Petitioner's contention that "[a]ll of the evidence relied upon by the prosecution relating to [the murder of Somsri New] was in the State's possession all along," and that "[n]o new evidence relating to the death of Somsri New was uncovered" is incorrect. (Obj. 13, ECF No. 13) Though Petitioner contests the evidence's admissibility, new evidence relating to the murder of Somsri New was uncovered in 2004: "[E]vidence of Phyllis' New's (sic) murder . . . [was used by the prosecution] to establish 'intent' based on the similarity of the two deaths." (*Id.* at 18)

Accordingly, the Court finds that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. The Court therefore **ADOPTS** the R&R and Petitioner's habeas relief as to this claim is **DENIED**.

**2. Failure to Sever**

Petitioner claims the state court deprived him of due process of law by "refus[ing] to sever the 32-year-old case from the 2004 allegation of murder." (Pet. 5, ECF No. 1) Petitioner contends "the existence of each case unlawfully permitted the jury to convict petitioner on both charges based on propensity of evidence that would not have been admissible in separate trials, and to unlawfully cumulate the evidence." (*Id.*)

*A. Summary of the R&R's Conclusions*

Magistrate Judge Porter concluded that "the joinder of the two counts did not render Petitioner's trial on the murders fundamentally unfair." (R&R 37, ECF No. 13) Specifically, the R&R found that the state court's conclusions (1) "that the circumstances of Somsri's death were sufficiently similar to Phyllis' death, thereby making the evidence cross-admissible on the issue of intent in the Somsri murder, and the issue of identity in the Phyllis murder," (*id.* at 35); (2) "that the evidence regarding Somsri's murder was not so weak as to require severance," (*id.* at 36); and (3) "that the trial court did not have a *sua sponte* duty to give a limiting instruction regarding the jury's consideration of cross-admissible evidence," (*id.*), were each objectively reasonable. Further, even assuming that joinder of the charges violated due process, the R&R concluded that habeas relief would nevertheless be inappropriate because "any such error . . . did not have a 'substantial and injurious effect or influence in determining the jury's verdict.'" (*Id.* at 37 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Accordingly, the R&R recommended that habeas relief as to this claim be denied.

*B. Objections to the R&R's Conclusions*

Petitioner makes several objections as to the R&R's conclusion that it was not error to refuse to sever the charges. First, Petitioner objects to the R&R's conclusion that "the State court reasonably concluded that Petitioner did not suffer undue prejudice from the joint trial because the evidence would have been cross-admissible in separate proceedings." (Obj. 16, ECF No. 14)

1  Second, Petitioner objects to the R&R's finding that "the State court reasonably found that
2  evidence with respect to Count Two was not so weak as to require severance." (*Id.* at 19)  Third,
3  Petitioner objects to the conclusion that "the appellate court reasonably found that the trial court
4  did not have a *sua sponte* duty to give a limiting instruction at a joint trial on the two charges."
5  (*Id.* at 20)  Fourth and finally, Petitioner objects to the R&R's finding that "even if the denial of
6  severance was erroneous, Petitioner has failed to demonstrate a substantial or injurious effect upon
7  the jury's verdict." (*Id.* at 21)

*C. Analysis*

The issue of whether joinder violated due process is a mixed question of law and fact and should therefore be analyzed under the "unreasonable application of federal law" prong of § 2254(d)(1). *See Bockting v. Bayer*, 505 F.3d 973, 978 (9th Cir. 2007) (citing *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000)).  The Court's inquiry therefore focuses on whether the state court's application of federal law was objectively reasonable, rather than the correctness of its application. *See Williams*, 529 U.S. at 411.

In a habeas review of Petitioner's challenge to the state court's failure to sever trial, the Court may only grant the writ if the joinder resulted in an unfair trial.  *Sandoval v. Calderon*, 241 F.3d 765, 771–72 (9th Cir. 2000).  "There is no prejudicial constitutional violation unless the 'simultaneous trial of more than one offense . . . actually render[ed] petitioner's state trial fundamentally unfair and hence, violative of due process.'"  *Id.* (quoting *Featherstone v. Estelle*, 948 F.2d 1497, 1503 (9th Cir. 1991)).  Prejudice is demonstrated if the joinder had a "substantial and injurious effect of influence in determining the jury's verdict." *Id.* (citing *Bean v. Calderon*, 163 F.3d 1073, 1086 (9th Cir. 1998)).

In particular, undue prejudice results when joinder would allow evidence of other crimes to be introduced in a trial where the evidence would otherwise be inadmissible. *Id.* (citing *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986)).  Here, the state court found that the circumstances of the two murders were substantially similar: both victims were married to Petitioner at the time they were murdered; both victims were shot a single time in the back of the head from a close distance; both victims appeared to have been asleep at the time of the incident;

and, at the time of each incident, Petitioner was the beneficiary of the victim's life insurance. (Def.'s Notice of Lodgment ("NOL") No. 11 at 39–40, ECF No. 8-2 (California Court of Appeal decision affirming conviction)) Given these similarities, it was objectively reasonable for the state court to conclude that evidence regarding Phyllis's death was cross-admissible on the issue of intent with respect to Somsri's murder, and that evidence regarding Somsri's death was cross-admissible on the issue of identity of Phyllis's murderer. (*Id.*); *see also* Cal. Evid. Code § 1101(b) ("Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as . . . intent . . . [or] identity . . . ) other than his or her disposition to commit such an act."). Thus, the simultaneous trial of the two murders did not allow evidence of other crimes to be introduced where it would otherwise be inadmissible.

Undue prejudice may also result when a strong case is joined with a weak case such that the "'spillover' effect of aggregate evidence on several charges might well alter the outcome of some or all of the charges." *People v. Bradford*, 939 P.2d 259, 306 (Cal. 1997); *see also Sandoval*, 241 F.3d at 772 (noting that joinder would be improper "where the State joined a strong evidentiary case with a much weaker case in the hope that the cumulation of the evidence would lead to convictions in both cases"). Here, evidence of the 1973 murder was not so weak as to make the failure to sever objectively unreasonable. The state court noted that evidence from the record conflicted with Petitioner's contention that Somsri New's killing was accidental.[3] Thus,

---

[3] The R&R enumerated the inconsistencies between the evidence and Petitioner's assertion that Somsri New's death was accidental:

> First, prosecution witnesses explained and demonstrated that Petitioner's 1973 description of the bullet being fired did not explain how that bullet traveled upward to strike Somsri's head and then traveled downward to embed itself into the wall behind her. Evidence from the scene also contradicted Petitioner's statement that Somsri's body was in the same position when she was shot as when the police found her. Testimony from the preliminary hearing indicated Somsri was sitting much higher in the love seat when she was shot than the position she was in when she was found. Also, there was no bullet hole in the pollow under Somsri's head, which disproved Petitioner's claim the bullet struck her while she was sleeping in that position. Finally, the prosecution evidence showed the stellate entry head would sustained by Somsri was caused by a close or contact discharge of the bullet into her head, refuting Petitioner's 1973 statement and demonstration he was six feet away from her when the bullet fired from the rifle.

1  evidence regarding Somsri New's murder was not so weak as to compel severance of the two
2  counts.

3  As to Petitioner's contention that "[a] careful limiting instruction may have dispelled some
4  of the harm flowing from a joint trial on the two charges," (Obj. 20, ECF No. 14), "[t]he trial court
5  has no sua sponte duty to give a limiting instruction on cross-admissible evidence in a trial of
6  multiple crimes." *People v. Maury*, 68 P.3d 1, 40 (Cal. 2003) (citing *People v. Hawkins*, 897 P.2d
7  574, 585 (Cal. 1995)). Moreover, federal habeas courts do not grant relief simply because a jury
8  instruction may have been deficient; rather, the Court must determine "'whether the ailing
9  instruction by itself so infected the entire trial that the resulting conviction violates due process.'"
10 *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).
11 Here, the jury was specifically instructed to decide Petitioner's guilt pertaining to one charge
12 before deciding Petitioner's guilt as to the other charge. (R&R 36, ECF No. 13) There is nothing
13 to suggest that "the jury was [in]capable of compartmentalizing the evidence and not considering it
14 cumulatively." (*Id.* at 37) Thus, habeas relief is not appropriate here because the failure to give a
15 limiting instruction did not result in a violation of due process.[4]

16 Accordingly, the Court finds that the joinder of the two counts did not result in undue
17 prejudice rendering Petitioner's trial fundamentally unfair, and the state court's decision did not
18 constitute an unreasonable application of clearly established federal law. Petitioner's habeas relief
19 as to this claim is **DENIED**.

20 **3. Certificate of Appealability**

21 The Court is obliged to determine whether a certificate of appealability should issue in this
22 matter. A certificate of appealability is authorized "if the applicant has made a substantial
23 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petitioner's
24 claims have been denied on their merits, as here, a petitioner can meet the threshold "substantial
25 showing of the denial of a constitutional right," by demonstrating that: (1) the issues are debatable

---

(R&R 36, ECF No. 13 (citations omitted)).

[4] Because the Court finds that the state court's denial of severance did not violate Petitioner's due process rights, it need not address Petitioner's final objection to the R&R's alternate conclusion that even if the state court's refusal were erroneous such error was harmless.

1  among jurists of reason; or (2) that a court could resolve the issues in a different manner; or

2  (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v.*

3  *Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000);

4  *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

5        Petitioner challenges his conviction on the grounds that he was denied due process of law

6  due to the delay in prosecuting him for the murder of Somsri New and the failure to sever the

7  charges against him for the murders of Somsri New and Phyllis New.  The Court finds that

8  although the state court's conclusions had ample support in the record, reasonable jurists could

9  find the Court's conclusions as to both of Petitioner's claims debatable.  Petitioner's claim that the

10 justification for the delay in prosecution was not outweighed by his demonstrated prejudice is a

11 valid, nonfrivolous claim of a denial of a constitutional right.  Likewise, Petitioner's claim

12 regarding the cross-admissibility of the evidence—both whether the evidence was cross-

13 admissible as to intent and identity and whether there was a prejudicial "spillover" effect—is a

14 valid, nonfrivolous constitutional argument.  A certificate of appealability is therefore **GRANTED**

15 as to both issues.

16                               **CONCLUSION**

17       For the reasons stated, the Court **ADOPTS** the R&R in full.  Petitioner's petition for writ

18 of habeas corpus is **DENIED**.  A certificate of appealability is **GRANTED** on both of Petitioner's

19 claims.  This Order concludes the litigation in this matter.  The Clerk shall close the file.

20       **IT IS SO ORDERED.**

21 DATED: November 7, 2011

22                                     *Janis L. Sammartino*
   Honorable Janis L. Sammartino
   United States District Judge